The opinion of the Court was delivered by
DargAN, Ch.
In a sheriff’s sale, the omission to advertise in the manner, and for the time prescribed by law, or even the omission to advertise at all, is an irregularity that does not vitiate the sale. The object of a sale by a sheriff by virtue of an execution, and a sale under a decree in equity, are for purposes widely different, and it does not follow because the want of due notice does not invalidate a sale made by a sheriff, that the same rule must prevail in sales made by a commissioner, or master under a decree in equity.
As to sales made under the order of this Court, the law does not prescribe the length of time notice shall be given. It ought to be a reasonable time, and what would be reasonable time in one case, might not be so in another. It is left to the discretion of the Court. As a general rule the Court has adopted the rule as to notice, prescribed by the Statute Law in cases of sheriffs’ sales. The object desired, and intended *395 to be secured, is notoriety and competition. And it is obvious, that where these objects can be obtained by a shorter notice, the Court being tied down by no positive requirement of the law, may, with propriety and without injury to any one, dispense with the notice of twenty-one days usually required.
But where the Court has made an order of sale, of which a notice is to be given by advertisement for a given time, such direction, as well as the other terms, become the law of the case. It becomes the condition, on which the authority is to be exercised, the non-performance of which will destroy the power.
In this case, the decree directed the sale to be advertised for twenty-one days, and the .advertisement was for twenty days.. If this departure from the directions of the order, does not invalidate the sale, why may not a notice of fifteen days,, or even of ten, be sufficient, and how, with any consistency, could we stop short of applying the rule that prevails in sheriffs’ sales on this subject ? The Court, could not, without great danger to the rights and interests of the parties to be' affected by its sales, dispense with the condition of notice, and allow a commissioner or master to modify the terms at. his discretion: the conditions on which he was to exercise', his authority. Such a discretion was never intended to be' reposed in that officer. In this case, I will say,, en passant,, that no blame is imputable to the commissioner, who very properly, when he learned that the land thus irregularly sold was worth three hundred dollars more than the bid of John Martin, refused to execute and deliver titles, and submitted the matter for the judgment of the Court.
It is true, that in this State, we have adopted a different, rule from that which prevails in the Court of Chancery in England, in regard to opening the biddings, on account of the inadequacy of the bid at which the property has been knocked down, or because some one offers more. In such a *396 case, otherwise fairly conducted, the contract is valid and binding, and needs no confirmation by the judgment of the Court. Tbe decree investing the commissioner with authority to sell, is held sufficient, if he conforms to the conditions of his authority. But this rule as to not opening the biddings for deficiency of price, renders it more important, that the conditions prescribed should be rigidly observed. It would be unsafe, and extremely unwise, to say, that while on the one hand the sale cannot be set aside, and the biddings opened, however inadequate the bid, on the other hand to hold, that due notice of the sale may be dispensed with by the selling officer of the Court.
This Court is of opinion that the sale, in this case, was invalid, for the want of due notice. It is ordered and decreed that the circuit decree be affirmed, and the appeal be dismissed.
Dtjnkin and Wardlaw, CC., concurred.
JOHNSTON, Ch., absent.

Appeal dismissed.